

**ORDERED in the Southern District of Florida on May 8, 2025.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Case No.: 24-19263-MAM |
| James Meredith, | Chapter 7 |
|     Debtor. | |
| _____/ | |

### ORDER AWARDING SANCTIONS FOR VIOLATION OF AUTOMATIC STAY AND DENYING MOTION TO SET EVIDENTIARY HEARING

Debtor James Meredith filed an emergency motion (ECF No. 32) (the "Emergency Motion") on November 1, 2024 seeking sanctions under Bankruptcy Code § 362(k) for violation of the automatic stay by his ex-wife, Olga Meredith.

About three weeks prior, Ms. Meredith filed a motion for stay relief (ECF No. 22) ("Stay Relief Motion") to continue proceedings relating to dissolution of marital assets. The Court heard the Emergency Motion and the Stay Relief Motion together on November 5, 2024. At that time, the Court reminded Ms. Meredith that no post-petition litigation should occur in state court regarding property that is or might be

property of the estate without prior entry of an order from this Court granting stay relief. The Court entered a preliminary order confirming that the automatic stay became effective as of September 10, 2024 (the petition date) and set the Emergency Motion and the Stay Relief Motion for an evidentiary hearing (the "<u>Evidentiary Hearing</u>") at the same time on November 22, 2024.[1]

Two days before the Evidentiary Hearing, Ms. Meredith filed a motion to dismiss this bankruptcy case, which the Court denied.[2] The Court conducted the Evidentiary Hearing as scheduled, then continued it for four days so that the Court could prepare and issue an immediate ruling on several pending motions, including the Stay Relief Motion.

On November 26, 2024 (the "<u>November 26 Hearing</u>"), the Court delivered a lengthy oral ruling. The ruling included the Court's explanation of its decision to grant in part and deny in part the Stay Relief Motion. The oral ruling provided strict parameters for stay relief and clarified that this Court would abstain from determining certain issues in deference to the state court. To ensure that the state court had the benefit of this Court's thought process and understood which matters should be addressed, the Court directed the parties to provide the state court with a

---

[1] ECF No. 43 (Preliminary Order Confirming Automatic Stay and Suspending State Court Proceedings). The Court also set another stay relief motion filed by Rocket Mortgage, LLC for hearing at the same time. ECF No. 24, 48.

[2] ECF Nos. 65 (motion), 82 (response), and 87 (order).

list of potential issues for that court's consideration.[3]

One of the outcomes of the November 26 Hearing was entry of a written order granting in part and denying in part the Stay Relief Motion. Despite the detailed nature of the Court's oral ruling, the written order (ECF No. 77) (the "Stay Relief Order") is brief. Decretal paragraph 2 of the Stay Relief Order states as follows:

> Stay relief is granted to Former Wife, Olga Meredith, to proceed to State Court for a determination by the State Court of all issues concerning alimony, child support and enforcement thereof from the Debtor's future earnings, which earnings are not Property of the Bankruptcy Estate, and to consider division of property that is claimed by the Debtor as exempt and, therefore, not Property of the Bankruptcy estate.

The Court entered the Stay Relief Order on December 10, 2024. Although the language of the Stay Relief Order does not make this point clear, the deadline to object to exemptions expired 30 days after the meeting of creditors (held on October 23, 2024), and the deadline to object to Debtor's discharge expired one day prior to entry of the Stay Relief Order.[4] The expiration of those deadlines makes the language of the Stay Relief Order acceptable, albeit not as clear as it could be as to why the

---

[3] The relevant portion of the Court's November 26, 2024 oral ruling is attached to this Order as Exhibit A. The Court presumes that counsel to Debtor and Ms. Meredith provided the state court with a copy of the November 26 Hearing transcript.

[4] ECF No. 5, ¶ 9 ("Filing Deadline: 30 days after the conclusion of the meeting of creditors, or within 30 days of any amendment to the list of supplemental schedules …."). Debtor filed his schedules and statements of financial affairs on September 30, 2024. The Trustee held and concluded the Meeting of Creditors on October 23, 2024. ECF Nos. 21 and 27. November 22, 2024 was the date 30 days after Oct 23, 2024, and therefore the last date on which to object to Debtor's exemptions.

property was exempt.[5]

The Court held a further hearing on the Emergency Motion on February 25, 2025. Based on the Court's review of the entire docket, including orders entered in the state court after the petition date and prior to entry of the Stay Relief Order,[6] the Court directed Debtor's counsel to submit an accounting of fees incurred as a result of litigation in state court by Ms. Meredith prior to entry of the Stay Relief Order. Debtor's counsel complied.[7]

After considering all arguments from Debtor and Ms. Meredith, the Court took the matter under advisement. While the matter was under advisement, Ms. Meredith filed a motion (ECF No. 91) (the "Additional Hearing Request") requesting that the Court set a (second) evidentiary hearing on the amount of fees resulting from her stay violation.

This order addresses both the Emergency Motion and the Additional Hearing Request.

## LEGAL STANDARD

Section 362 of the Bankruptcy Code[8] provides a debtor with a breathing spell

---

[5] Property of the estate scheduled as exempt is excluded from the estate until after the expiration of the deadline to object to exemptions. *Schwab v. Reilly*, 560 U.S. 770, 775-76 (2010) (property claimed as exempt excluded from estate upon expiration of deadline without objection).

[6] *See* Exhibits to Emergency Motion (ECF Nos. 32-2 through 32-8).

[7] ECF No. 90.

[8] All section references in this order are to the Bankruptcy Code (11 U.S.C. §§ 101 et seq.).

from creditors, stopping all collection efforts, harassment, and foreclosure actions. *Ellison v. Northwest Eng'g Co.*, 707 F. 2d 1310, 1311 (11th Cir. 1983). The automatic stay remains in place until entry or denial of discharge or, alternatively, until dismissal or closure of a bankruptcy case.

A stay violation is willful if the violating party (1) knew the automatic stay was in effect, and (2) intended the actions that violated the stay. *In re Lyubarsky*, 615 B.R. 924, 929 (Bankr. S.D. Fla. 2020) (*citing Jove Eng'g v. IRS (In re Jove Eng'g, Inc.),* 92 F.3d 1539, 1555 (11th Cir. 1996)). In those instances, §362(k) permits an injured individual to recover actual damages, including costs and attorneys' fees. *Id*. at 934. It does not matter whether the violator specifically intended to violate the stay; all that matters is that the violator intended to perform the act. *In re Daya Medicals, Inc.*, 560 B.R. 855, 859 (Bankr. S.D. Fla. 2016) (internal citations omitted). In limited circumstances, injured debtors may also recover punitive damages. § 362(k); 615 B.R. at 929.

## ANALYSIS

The Court stated at prior hearings that continuing to litigate any action in state court while a bankruptcy case is pending without first seeking leave of the bankruptcy court is likely to lead to trouble. That is what happened here.

A. <u>Emergency Motion</u>

Debtor's counsel filed the Emergency Motion in response to Ms. Meredith's continuation of a state court lawsuit after receiving actual notice of the bankruptcy

5

case and without first obtaining an order from this Court granting stay relief. Ms. Meredith does not deny the sequence of events, but believes that because litigation included dissolution of marriage and domestic support obligations, prior stay relief was not necessary.

> Bankruptcy Code § 362(b)(2)(A) and (B) provide, in relevant part:
>
> (b) The filing of a petition … does not operate as a stay—
>    (2) under subsection (a)—
>       (A) of the commencement or continuation of a civil action or proceeding—
>          …
>          (ii) for the establishment or modification of an order for domestic support obligations; [or]
>          …
>          (iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate;
>       …
>       (B) of the collection of a domestic support obligation from property that is not property of the estate[.]

The key phrase, repeated in two places, is "property of the estate". That repetition clarifies the fundamental principle that all actions taken within the context of a bankruptcy case impact a universe of creditors. That means caution is imperative.

Although it is true that the automatic stay does not bar the continuation of some civil proceedings, including those relating to dissolution of a marriage and collection of domestic support obligations, that exception only extends to cover property that is not property of the estate. Stated another way, actions involving

property of the estate <u>are</u> subject to the automatic stay even if they concern dissolution of marriage or domestic support obligations.

To determine whether property of the estate is implicated, creditors must look beyond the schedules and statements of financial affairs and consider the entire bankruptcy process. In chapter 7, debtors provide a complete picture of their financial situation through extensive disclosure. The chapter 7 trustee reviews all disclosures and interviews the debtors at the meeting of creditors. After those events, there is a period of time for filing objections to exemptions and discharge. It is not until <u>after</u> the deadline for exemptions has passed that parties know with any certainty whether a debtor's claimed exemptions are valid. *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005) (debtor's legal and equitable interests become part of estate at petition date); *Schwab*, 560 U.S. at 775-76 (2010).

This gray area of time between the claiming of the exemptions and the expiration of the deadline to object to them is why creditors must tread with caution. It is not enough to believe that a debtor's interest in property is exempt, nor is it advisable to view a martial dissolution proceeding as part of a protected class of litigation that never requires stay relief. The language of Bankruptcy Code § 362(c)(2)(A) and (B) includes "property of the estate" for a reason. If a creditor is not sure whether the property belongs to the estate, the proper course is to move for stay relief first, secure an appropriate order, and then continue litigation, not the other way around.

The record shows that Ms. Meredith continued litigating her entitlement to marital assets in state court after the petition date and prior to entry of the Stay Relief Order or expiration of the deadline for exemptions. That litigation included filings, hearings, and orders relating to division of a residence (the "Residence") titled entirely in Debtor's name. Until this Court determined otherwise (through expiration of the period for filing objections to exemptions), the Residence was property of the estate. The Court's later entry of the Stay Relief Order did not cure Ms. Meredith's prior stay violation during the gap period between the petition date and expiration of the deadline to object to exemptions.

Both parties agree that the Residence located at 2578 Sawyer Terrace, Wellington, FL 33414 was their marital home. They agree that the Residence is titled solely in Debtor's name, and the Residence is to be sold. The other provisions of the "Agreed Final Judgment of Dissolution of Marriage" (ECF No. 32-2) ("Judgment") are potentially in dispute because Debtor alleges that the judgment itself was procured through fraud.

The Court offers no opinion regarding the enforceability of the Judgment and confines its ruling solely to the question of whether Ms. Meredith's continued litigation of martial dissolution proceedings violated the automatic stay. To the extent that those proceedings involved Ms. Meredith seeking to collect a domestic support obligation or secure division of marital property against an asset titled solely in Debtor's name, the answer is yes.

8

Debtor filed his petition on September 10, 2024. The deadline to object to exemptions expired on November 22, 2024. During this time period, Ms. Meredith continued litigating entitlement to the Residence in state court without the benefit of stay relief. Her actions, even if taken with the advice of counsel, violated the automatic stay. The Court must award damages. 11 U.S.C. § 362(k); *Parker v. Credit Central South (In re Parker)*, 515 B.R. 337, 341 (Bankr. M.D. Ala. 2014) (bankruptcy court must award actual damages for willful stay violation).

The Court has reviewed the time records submitted by Mr. Farber and the Cabanas law firm and has determined that damages for Ms. Meredith's stay violation will be awarded as follows:

| Law Firm | Date Range of Time Entries | Amount |
|---|---|---|
| The Law Office of Adam Farber, P.A. | September 10, 2024-November 22, 2024 | $12,303 |
| Cabanas Law, P.A. | September 10, 2024-November 22, 2024 | $1,381 |
| **TOTAL** | | **$13,684** |

B. Additional Hearing Request

The Court does not require a second evidentiary hearing to calculate the amounts due for Ms. Meredith's stay violation. The Court heard extensive argument on factual matters at the Evidentiary Hearing and considered all relevant evidence in arriving at this Order.

Ms. Meredith was not a party to the retention agreement(s) between Debtor

and his counsel. The accounting docketed as ECF No. 90 provides sufficient detail regarding Debtor's legal fees incurred as a result of Ms. Meredith's stay violation. The Court has reviewed the accounting and made necessary adjustments to the requested amount to arrive at an appropriate award for damages. The Court declines to entertain evidence outside the scope of a statutory award for stay violation under Bankruptcy Code § 362(k).

Ms. Meredith argues that Rule 54 of the Federal Rules of Civil Procedure allows her to introduce other evidence regarding Debtor's attorneys' fees, but she is misguided in her interpretation of Rule 54. That rule applies to post-judgment calculations of costs.

Although the question of sanctions is disputed, making it a contested matter for purposes of Bankruptcy Rule 9014, the Court has not (yet) entered a judgment for which attorneys' fees need to be calculated. And, as to the factual question of whether Ms. Meredith continued litigation in state court post-petition, there is no dispute. The records shows that she continued to litigate in state court and she does not deny it. *C.f. Taggart v. Lorenzen*, 587 U.S. 554, 556 (2019) (developing "no fair ground of doubt" standard for violation of discharge injunction).

The Court granted Ms. Meredith partial stay relief after expiration of the exemptions deadline to continue state court litigation involving solely exempt assets that were no longer deemed to be property of the estate. The Court rules today on the issue of sanctions for violation of the automatic stay during the time period between

the petition date and the expiration of the exemptions deadline. This order simply awards statutory sanctions under Bankruptcy Code section 362(k) for admitted behavior that contradicts the express prohibition set forth in the Bankruptcy Code. It does not provide a final ruling regarding entitlement to the Residence or the proceeds from its sale.[9] Rule 54 simply does not apply.[10]

The Court will deny Ms. Meredith's request for a further evidentiary hearing. The Court **ORDERS** that:

1. The Emergency Motion (ECF No. 32) is GRANTED solely as set forth in this Order.

2. Ms. Meredith must pay $13,684 (the "Award") to Debtor's counsel, Adam Farber. Such amount may not be offset against any potential payment by Debtor on account of Ms. Meredith's claim.

3. Ms. Meredith must tender the Award, in the form of a check payable to The Law Office of Adam Farber, P.A., on or before May 30, 2025 via certified mail or other suitable delivery service.

4. Mr. Farber is DIRECTED to remit $1,381 of the Award to Cabanas Law, P.A.

---

[9] Neither party appealed entry of the Stay Relief Order.

[10] In making this statement, the Court is aware of the body of case law debating the finality of court orders in the context of a main bankruptcy case. *See generally Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020) (order denying stay-relief motion is immediately appealable if it conclusively resolves movant's entitlement to relief). That is a separate (but related) legal issue. Even so, Rule 54 does not apply to this situation because no monetary award or judgment has been entered by this Court prior to today.

    5. The Additional Hearing Request (ECF No. 91) is DENIED.

###

Copy furnished to:
*Adam D. Farber, Esq., who is directed to serve this order on all interested parties and file a certificate of service.*

## Exhibit A

The Court issued an oral ruling in this matter on November 26, 2024. In the ruling, the Court stated, in relevant part:

The Court also needs to address potential violations of the automatic stay, and will address those in depth when it hears the Sanctions Motion docketed as ECF No. 32. The Court has issued an order setting that matter for hearing on February 25, 2025 along with other motions in this bankruptcy case. It is possible that Olga Meredith's counsel may have violated the automatic stay prior to the expiration of the 60-day deadline for objections to exemptions because counsel did not come before this Court and seek stay relief. But, that's an issue for another day.

Before I move on entirely, however, I want to point out that I am aware that Bankruptcy Code section 362(b)(2)(A)(iv) provides an exception to the automatic stay that enables a family court to rule on the dissolution of a marriage. That exception, however, does not extend to property division that includes estate property. So, again, there is at least some question of whether state counsel's failure to seek stay relief prior to the expiration of the exemption deadline resulted in a stay violation.

I am going to abstain to allow the state court to determine whether the order it entered was procured through fraud or dishonesty for all the reasons I have just explained. For now, the Agreed Judgment is enforceable, but I am not going to prevent Debtor from raising the appropriate argument against enforceability in the court that must hear that argument, which is the state court.

…

So now I will turn to the remaining motion, which is the Stay Relief Motion. As I have said many times in other cases, what's good for the goose is good for the gander. Because I must allow Debtor to return to state court in order to pursue the factual arguments raised by the Avoidance Motion, I will also grant stay relief to Olga Meredith to defend against those issues. That means I'm going to grant in part and deny in part the Stay Relief Motion filed as ECF No. 22.

The state court may, if it is so inclined, revisit the portions of the Agreed Order that pertain to alimony and property division. In other words, this Court will abstain and defer to the state court on the following legal and factual issues:
• Whether the Agreed Judgment was the product of fraud, collusion, duress, or any other principle that might render it void.

13

• Whether the Agreed Judgment accurately reflects the entire agreement of the parties at the time of entry, which should include an express determination of whether the order was property circulated amongst counsel to all parties in interest and explicit approval was given in writing for each material provision. I would like clarity on whether the final form of the Agreed Judgment was presented to the state court in a manner that ensured all parties had time to review each provision and think about the implications of those provisions in consultation with counsel.

• Whether any consensual lien contained in the Agreed Judgment is valid, which should again include a finding that counsel and parties expressly agreed in writing to inclusion of the provision giving rise to that lien.

• Whether it is appropriate to change the order with respect to property division or alimony as a result of the state court's determination regarding the validity of the Agreed Judgment, and both parties' possible breach of the Agreed Judgment.

When the parties present their arguments to the state court, they may wish to note that this Court read the entire transcript of the state court proceedings and also inspected the Agreed Judgment. It is this Court's opinion that the record taken as a whole supports the following two conclusions: (i) Olga Meredith's attorneys' fees should be deducted solely from her 50% portion of the net sale proceeds of the marital home, and (ii) any consensual lien for attorney's fees should attach only to her 50% portion of the net sale proceeds. That is the interpretation of the Agreed Judgment that makes the most sense when viewed as a whole and comports with the statements of the state court at that hearing.

The Court is aware that some statements at the [state court] hearing may be taken in isolation as supporting a different outcome. That would not be the proper way of viewing the situation in this Court's perspective because taking one statement out of content rarely results in proper contract or judgment interpretation. Usually documents stand as a whole, as do proceedings. You need to read the full transcript to understand what occurred, not just one or two lines of it.

This Court is accustomed to seeing internally inconsistent documents like the Agreed Judgment. It seems clear from the transcript that the intention at the time was for any attorney's lien relating to Olga Meredith's attorney's fees to attach solely to HER 50% portion of the net sales proceeds, not the entire Property. But, again, this is an issue for the state court to determine since it entered the Agreed Judgment. I'm just offering my commonsense interpretation of what I see in the record based upon the detailed discussion provided in the transcript regarding other deductions that would be made prior to the 50/50 split of the net proceeds.. The determination is ultimately that state court's to make, not mine.